UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:16cv61450

MARK MARTIN,

    Plaintiff,

v.

FOCUS RECEIVABLES MANAGEMENT,
LLC.,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF SOUGHT**

Plaintiff MARK MARTIN ("Plaintiff"), by and through undersigned counsel, seeks redress for the illegal practices of Defendant FOCUS RECEIVABLES MANAGEMENT, LLC ("Defendant"), to wit, for Defendant's violations of 15 U.S.C §1692, the Fair Debt Collection Practices Act, and Florida Statute § 559.551, the Florida Consumer Collection Practices Act, and in support thereof, Plaintiff states the following:

**NATURE OF ACTION**

**I.  THE FAIR DEBT COLLECTION PRACTICES ACT**

1. The Fair Debt Collection Practices Act (the "FDCPA") is a series of statutes which prohibits a catalog of activities in connection with the collection of debts by third parties. *See*, 15 U.S.C. §1692. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect

consumers against debt collection abuses." 15 U.S.C. § 1692(e).

2. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b).

3. Accordingly, the FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

4. Section 1692g of the FDCPA requires debt collectors to make certain disclosures, and/or provide consumers with certain information, depending on the circumstances. In particular, § 1692g(a) mandates that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --
> …
> (2) *the name of the creditor to whom the debt is owed*;

15 U.S.C. § 1692g(a) (emphasis added). See, McMurray v. ProCollect, Inc., 687 F.3d 665 (5th Cir. 2012) ("Merely including the required [§ 1692g(a)] notice in letters to consumers is not sufficient. The notice must also be set forth in a form and within a context that does not distort or obfuscate its meaning. A debt collector may violate Section 1692g if other language in its communication

with consumers 'overshadow[s]' or is 'inconsistent with' the statutorily-mandated notice."); Janetos v. Fulton Friedman & Gullace, LLP, 2016 WL 1382174, a *7 (7th Cir. Apr. 7, 2016) (holding that, "if the validation notice required under § 1692g(a)(2) does not identify the current creditor clearly and accurately, the law has been violated. A plaintiff need not offer additional evidence of confusion or materiality to prove the violation.").

5. Moreover, § 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, that of which include:

> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
> …
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
> …
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

## II. THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

6. The Florida Consumer Collection Practices Act (the "FCCPA") is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." Harris v. Beneficial Finance Company of Jacksonville, 338 So. 2d 196, 200-201 (Fla 1976). The FCCPA is to be construed in a manner that is protective of the consumer. *See* Fla. Stat. § 559.552 (providing that in the event of inconsistencies with the FDCPA, the provision that is more protective of the debtor prevails). Moreover, "[u]nlike the FDCPA, the [FCCPA] applies not only to debt collectors but to any persons collecting a consumer debt." In re

Hathcock, 437 B.R. 696, 704 (Bankr. M.D. Fla. 2010); *See also* Heard v. Mathis, 344 So. 2d 651, 654 (Fla. 1st DCA 1977) (holding that, the FCCPA applied to "a private individual making an oral, non-interest bearing loan to a friend.").

7.  The FCCPA proscribes conduct similar to that prohibited by the FDCPA. Specifically, the FCCPA states:

> In collecting consumer debts, no person shall:
>
> (3) Tell a debtor who disputes a consumer debt that she or he or any person employing her or him will disclose to another, orally or in writing, directly or indirectly, information affecting the debtor's reputation for credit worthiness without also informing the debtor that the existence of the dispute will also be disclosed as required by subsection (6).
> …
> (6) Disclose information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact. If a disclosure is made before such dispute has been asserted and written notice is received from the debtor that any part of the debt is disputed, and if such dispute is reasonable, the person who made the original disclosure must reveal upon the request of the debtor within 30 days the details of the dispute to each person to whom disclosure of the debt without notice of the dispute was made within the preceding 90 days.
> …
> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

Fla. Stat. § 559.72 (emphasis added). However, the FCCPA "is different than its federal counterpart because it is not limited to debt collectors," Schauer v. General Motors Acceptance Corp., 819 So. 2d 809, 812 n. 1 (Fla. 4th DCA 2002), and consequently, unlike the FDCPA, the creditor is not exempt from FCCPA liability, whether it be direct or vicarious.

8.  As set forth in more detail below, Defendant's written communication to Plaintiff violates the aforementioned provisions of the FDCPA and FCCPA thereby giving rise to this action and entitling Plaintiff to damages for the same.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

10. Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendant occurred here.

## PARTIES

11. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

12. Defendant is a Georgia corporation, with its principal place of business located in Marietta, Georgia.

13. On information and belief, Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

14. At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

15. At all times material hereto, Defendant was a corporation subject to the FCCPA. *See, e.g.*, Cook v. Blazer Fin. Services, Inc., 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. § 1.01(3)).

## FACTUAL ALLEGATIONS

16. The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

17. The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See*, 15 U.S.C §1692a(5); Fla. Stat. § 559.55(6).

18. Plaintiff is a "consumer" within the meaning of the FDCPA. *See*, 15 U.S.C §1692a(3).

19. Defendant is a "debt collector" as defined by the FDCPA and FCCPA. *See*, 15 U.S.C §1692a(6); Fla. Stat. § 559.55(7).

20. On a date better known by Defendant, Defendant began attempting collect the Consumer Debts from Plaintiff.

21. On or about August 11, 2015, Defendant sent a collection letter to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

22. The Collection Letter *does not* identify any entity as being the "creditor" of the Consumer Debt.

23. The Collection Letter does not indicate how and/or to what extent Defendant is privy to the Consumer Debt and/or the current creditor.

24. In the Collection Letter, Defendant states: "[w]e are willing to work with you in an effort to resolve the remaining balance and *encourage you to communicate with our office* to put this matter behind you." *See*, Collection Letter (emphasis added).

25. After encouraging Plaintiff to contact Defendant, and proving all the requisite contact information, Defendant states:

> Thank you for your time and attention to this matter. We look forward to helping you resolve this outstanding obligation.
>
> Sincerely,
>
> Focus Receivables Management, LLC

*See*, Collection Letter (emphasis added).

26. After signing the Collection Letter, Defendant further states that:

> You are hereby notified that a negative credit report reflection on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligation. Please be

>advised this matter will not be reported to a credit reporting agency *until* the 30-day validation notice, as stated below, has expired or ***validation has been sent to you***.

*See*, Collection Letter (emphasis added).

27. At the bottom of the Collection Letter, Plaintiff is directed to "see reverse side for important information;" However, such request comes after encouraging Plaintiff to call Defendant, providing Plaintiff with Defendant's contact information, and signing the Collection Letter "[s]incerely, Focus Receivables Management, LLC." *See*, Collection Letter.

## COUNT I.
## VIOLATION OF THE FDCPA

28. Plaintiff incorporates by reference paragraphs 16-27 of this Complaint as though fully stated herein.

29. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); *See also*. Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA).

30. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act [15 U.S.C §1601], is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

31. In determining whether a debt collector has violated the FDCPA, the debt

collector's actions are considered through the least sophisticated consumer lenses. *See*, Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1175 (11th Cir. 1985) (holding that, "because we believe that the FDCPA's purpose of protecting consumers is best served by a definition of deceive that looks to the tendency of language to mislead the least sophisticated recipients of a debt collector's letters and telephone calls, we adopt the [] standard of **least sophisticated consumer**…" (emphasis added) (internal quotations and citations omitted)).

32. In light of the preceding, Defendant, by and through the Collection Letter, violated the FDCPA, to wit:

(a) Section 1692g(a)(2) by failing to provide the name of the creditor to whom the debt is owed. *See*, Janetos, 2016 WL 1382174 at *3 ("standing alone the fact that the form letter included the words "Asset Acceptance, LLC," [whereby Asset Acceptance was, in fact, the current creditor], did not establish compliance with § 1692g(a)(2). The [FDCPA] requires [the defendant's] letter to identify Asset Acceptance as the 'creditor to whom the debt is owed.' 15 U.S.C. § 1692g(a)(2). The letter had to make that identification clearly enough that the recipient would likely understand it. Nowhere did the letter say that Asset Acceptance currently owned the debts in question. Asset Acceptance was identified as the 'assignee' of another company, not as the current creditor or owner of the debt. The letter went on to say that the referenced account 'has been transferred from Asset Acceptance, LLC, to Fulton, Friedman & Gullace, LLP;' [However, such] statements simply did not say who currently owned the debts.").

      (b)    Section 1692e(5) and (8) by portraying to Plaintiff that Defendant had the legal authority to report the matter to a credit reporting agency after Plaintiff receives validation of the Consumer Debt, whereby validation cannot be unilaterally issued by Defendant, but more specifically, should validation be requested by Plaintiff, Defendant must also report the Consumer Debt as being in dispute and cannot simply report Plaintiff's delinquency.

33.    As a result of Defendant's aforementioned FDCPA violations, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility, whereby Plaintiff is entitled to relief for such, in addition to statutory damages, attorney's fee and court costs.

## COUNT II.
## VIOLATION OF THE FCCPA

34.    Plaintiff incorporates by reference paragraphs 16-27 of this Complaint as though fully stated herein.

35.    In light of the preceding, Defendant, by and through the Collection Letter, violated the FCCPA, to wit:

      (a)    Fla. Stat § 559.72(3) threating to report the matter to a credit reporting agency after validation has been sent to Plaintiff *without* advising Plaintiff that Defendant would also be required to report the Consumer Debt as also being in dispute.

      (b)    Fla. Stat. § 559.72(9) by threatening to report non-payment to a credit agency after Plaintiff receives validation, whereby Defendant knew it was obligated to inform Plaintiff, pursuant to Fla. Stat. 559.72(3), that Defendant must also relay to the credit agency that the Consumer Debt was in dispute.

36. As a result of Defendant's aforementioned FCCPA violation, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility, whereby Plaintiff in entitled to relief for such, in addition to statutory damages, attorney's fee and costs.

## DEMAND FOR JURY TRIAL

37. Plaintiff respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect the Consumer Debt.

(b) Statutory and actual damages, as provided under Fla. Stat. § 559.77(2), for the FCCPA violations committed by Defendant in attempting to collect the Consumer Debt from Plaintiff.

(c) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(d) Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k and Fla. Stat. § 559.77(2); and

(e) Any other relief that this Court deems appropriate and just under the circumstances.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

```
```

DATED: June 25, 2016

Respectfully Submitted,

/s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tpatti@thomasjohnlaw.com
Thomas-John Law, P.A.
110 SE 6th Street, Suite 1700
Fort Lauderdale, Florida 33301
Phone:   877-575-0010
Fax:     954-507-9975

AND

/s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:   954-907-1136
Fax:     855-529-9540

*COUNSEL FOR PLAINTIFF*